Please the court I'm Mike French counsel for the appellant. I'd like to reserve two minutes of my time for rebuttal The standard of review here is de novo the only question before the court is a question of law and that is whether the district court erred in Determining that the arrival on scene of a detective as opposed to a parole officer Was sufficient to dissipate the threat that had been signaled to mr. Watson that if he exercised his Fifth Amendment right his parole would be revoked you agree that the parole officer Never asked mr. Watson any questions That is correct well That's not exactly correct is it? Because as I seemed it seems to me that the parole officer Asked him if he would find anything in the vehicle and he said he lied to the parole officer Even though he said he won't he did lie. He said no you won't find it And I don't know two things on to that point judge. I mean to be fair That's a really tough way for you to argue about a penalty situation When the very penalty he would have had he broke he lied I I with all due respect judge. I wouldn't say that he did lie I would say why you say no you're not gonna find it when it was there is would you find anything in the car and I didn't have any faith in the officer's ability to find It's fair to say that it's not in the car. It's on the car. It's on the car. It's not in the car I think my hypothetical is better, but Before we get too far in here there was also a challenge to the search of the car, but that's not on appeal, right? That's correct. That's correct. We've conceded that I just wanted to make sure now if there is no challenge to the search of the car Is there enough evidence found it from the car that the charge in sentence would be any different I Don't think so judge, and I think that that's an issue that would require remand I Think that the government then would have to pick up the pieces and look at what they're left with and what they look I looked at what they found on The car and I said to myself Well, if that's what they found in the car, and we're not challenging the car anymore. Why would the sentence be any different? Well, I think the facts on the ground would be different The knowledge that I think when you go to the statement that we're trying to suppress here I know what you're doing But I'm just trying to give you another question before you get there because it worried me that nobody is even thinking about that But if that's your best answer, that's good. Well, I think I think mr. Watson can't challenge the search of the car I think that that falls squarely within his IDOC agreement of supervision that he gives up the search of his car But I I do think that It's a distinction without a difference to go back to your question judge Nelson wasn't at the parole officer Didn't ask him the incriminating question. It was a detective and I I think what you've got here is the situation where it's like a basketball team and they've got five players on the court and they want that six player to come in if They just put a different jersey on him. Does he suddenly is on a different team? I don't think that but that seemed I mean it if the Document if the if the parole restriction Said if they're there or it said any officer, but it didn't I mean, I don't think I understand you're trying to analogize this But I don't think that that's a really fair because the parole officer wasn't involved in Miranda Is it and wasn't involved in the questions after and that that's really the relevant question We have here is was there pressure such that? She did not voluntarily waive his Miranda rights, I think there's two key facts in the record Before you get there I think that you need to address because you took a standard to review and said it's all DeNovo I'm a big standard review ban that is not DeNovo what the district court found as To factual findings. We only review for clear air, right? That's correct so everything one of these questions that the Honorable is giving you is based on a Nampa police Detective conveyed the Miranda rights to the defendant based on his reading of the Miranda card a Lack of recording a written waiver did not affect the adequacy of the Miranda warnings The parole condition does not require truthfulness But it does require answers to all inquiries nor does it require answers to all inquiries or cooperation with law enforcement the parole condition only requires cooperation with probation and parole not law enforcement officers and Statements made by the defendant were always to the law enforcement. That's in judge windmills underlying Factual findings, right? So we unless we do you have any problem with those is are any of those clearly erroneous? No, your honor so that based on that now we move to judge Nelson's question Which I think makes the answer your answer harder. I Think you're correct. I think we do move then the historical facts are not in dispute it's the application of a lot of facts and but I do want to point out that there are some facts that I think are overlooked and one of those comes at the Supplemental excerpt to record at page 89 and it's when the first parole officer not. Mr Watson's direct parole officer, but the first parole agent arrives on the scene when mr. Watson is in the back of the car He's talking about Landers Landers arrives and Landers says to him we're gonna conduct a parole search of your car in your house and We've asked local law enforcement to cooperate with us Yes Now then when mr. Then he said you got anything in the car and he said no And I and then they had a conversation about the trunk And I and again, I think that mr. Watson in his mind. It's fair to say he parsed this but stepping back This is I actually think it's opposite. I don't think he parsed it. I mean, mr Watson if he parsed it, he would have been honest with the parole officer and would have felt more freedom to be less honest with the non parole officer, so I Understand your point. It's it's interesting that said we're gonna cooperate and it sort of did open this up I agree that it puts it into a gray area But I'm not sure how that gets you across the finish line here on the motion to suppress Well a couple of things I think just to state it out there Garrity tells us that contract law is not how we interpret these These parole agreements. This is not a what the contract says and you're stuck with that It's what a reasonable person would think and so to the extent sure how that's different. I mean contracts are generally Interpreted based on what's a you know a reasonable understanding of it. I mean, how would we do this? Otherwise, we can't just impose restrictions that aren't in there Sure But I think that what law enforcement does is they have to not muddy the water and so they have to not come in and Where we've asked local law enforcement to cooperate with us and then for his parole officer to come in and double down on that and he? Says to him I know about the investigation into you. So he puts his imprimatur on Top of the investigation. I understand your argument correctly. You're saying that when they said we've asked when the parole officer said we've asked local police To cooperate with us at that point There was no way to get a proper Miranda a voluntary waiver from him That would be that that would be the conclusion that we'd have to reach To rule for you. I think I think Garrett Miranda alone is not enough What what should have been given was a Garrity waiver should have been given the Garrity warning And even that could oh you're saying if they had gone that further stuff. That's how they could have cured the cooperation issue Yes, and and just a step back even further the way that they could have cured this whole situation Was not to muddy the waters was not to bring the parole officers in to get a warrant exactly exactly but his agreement says In paragraph one that I will cooperate with the requests of my probation or parole officer Cooperation includes being truthful and then in paragraph five he consents to a search of his person residence Vehicle personal property or structures owned or leased by me Conducted by an agent of the Department of Corrections or a law enforcement officer. There's nothing in there This is anything about cooperating with local law enforcement officers And that's where I take it back to the supplemental Excerpt of record page 70 where officer Nichols Nicholas testifies that he told mr. Watson I know about this investigation into you and I would submit that that puts his imprimatur paroles imprimatur Over the entire investigation detective Coronado shows up during the parole search of mr. Watson's house It's still a parole action. But if the parole officer is Bracing his parolee By stating I know that you're up to no good Basically deal and dope again. Am I gonna find anything or we're gonna find anything in the car? I mean Why doesn't that relate directly to the authority of the parole officer to ensure that the parolee is abiding by the conditions of his? Well, I think it can but I think what we have to go back to in in the broad strokes here Is that this is an objective test? And so really it doesn't matter if mr. Watson what he thought when he was Equivocating about what where the drugs were where they weren't it's an objective test and the the coercion I would submit is inherently built in but from a policy standpoint Do we really want to say to our parole and probation officers? You cannot enlist the assistance of local law enforcement officers when you're conducting Some of these investigations. I mean some of these investigations are being done under very dangerous conditions Sure parole officers are pretty thinly staffed. So they need backup from Local police when they're discharging their duties and I and this case is the opposite. This is a case where detective Coronado Approached parole officer Landers to ask him about Tyler Watson. And so it was mr Watson came on because they knew that he that Watson was on parole, right? They learned they had suspected that and so they wanted to confirm I mean, it's easy for law enforcement to check you just run them through the computer and pops up. He's on parole. Sure. Okay We'll give you time for rebuttal, thank you You May please the court. My name is David Morse on behalf of the United States runners Government's asking the court to affirm the district courts holding in this case Issue before the court is whether the appellant was compelled to make a self-incriminating statement or face the revocation of his parole Short answer is no. Well It depends on how you look at it I mean you would agree that the the what this would be an easy case if only the police had showed up, right? absolutely, um, it's it's less easy because there were parole officers there and the and the and the officers themselves referenced Or the parole officer referenced, you know, we're gonna cooperate with the local police What do we do with those that muddied waters? Why doesn't that give? The defendant in this case an argument Yeah, I believe it does money muddy the waters I think the distinction here and the clarity happens at the residence when detective Coronado special agent Ferguson and until annals Could you pull that mark all arrived to the back of our vehicle? We can't hear you Can you you can move that up As far as I think it's up. Oh, it's up as far as it go. I'm too tall for this We found the limit Your honor I think it does money the waters But I think the thing that happened here that clarified this issue Was when detective Coronado special agent Ferguson and Intel analyst Hall all approached? Mr. Watson in the back of a police car with no parole officer in sight Mirandized him sure that he understood Miranda and then began questioning him. Well, okay fair enough, but that was after There had already been this, you know cooperation comment made Right and and not only that but when Scott gets there He tells the defendant that he's being detained and searched at the direction of probation and parole. That's correct, John and then Landers Tells the defendant how that after searching the car now, we got the parole officer now After searching the car the police are going to take you back to your house and search the house That's correct, and then that occurred in the car where he was being detained Landers tells him in the car, right? and Scott continues to detain him until they get to the police station and then doesn't all that confuse him then about who's real investigation this is and What really pertains to me? I disagree your honor as far as the confusion I'm trying to do is just trying to lay out the facts And I think those facts are spot-on and aren't they all of the government's making? I mean the government could have gone and got a warrant the government could have gotten more and instead they went on But the parole condition here allowed the government to search that vehicle and upon search of that vehicle They discovered the controlled substances. They went to his residence searched that residence did not find anything However, based on information they had obtained from confidential informant. They knew that the drugs were stored at the grandmother's residence They then told the defendant that they would be going to the grandmother's residence to search that residence When they arrived at the grandmother's residence, they asked for consent to search the residence The defendant did not tell them anything about where the drugs were Until detective Coronado after he had provided him with his Miranda warning and after there was a separation of time Where there again, no probation or parole officers were involved. He went outside and asked him You want to tell us where the drugs are? So nobody gets exposed and he agreed they could have avoided that and simply searched the the garage And they still would have found the drugs It just would have elevated the level of danger that they would have been exposed to so I don't believe there is any Condition here or any situation here where his rights were violated And in fact, I want to visit back to this particular condition in The agreement and that's condition one and I will quote it. I will obey all municipal county state and federal laws I will cooperate with the request of my parole officer Cooperation includes being truthful if I am detained by a law enforcement officer I will tell the officer that I'm on felony supervision and the name of my parole officer It does not say anything about cooperating with a law enforcement officer, it does not say anything about being truthful Yeah but when a parole officer comes in and says we're gonna bring in the police and that that seems to be the hook that in The defendants it's it's a it puts us into a gray area. I think I mean, we've got we've got the Murphy case that says You know requiring truthful statements to a parole officer is okay But then we've got such a oh which says the petitioner can wait when when he can't remain silent Or he will lose his parole that goes too far. This seems to fit within the middle of that So what what how do we delineate the differences between what's required? in the actual agreement When you connect it with what happened on the scene, I think several judge windmills findings including the fact that the defendant At no point believed he had to cooperate with his parole officer let alone law enforcement officer because the first interaction He lies and violates that parole condition to his parole officer Not a law enforcement officer and then when we're just can I ask about that because yeah, I hear what you're saying I mean, we've got we've got the argument. It wasn't a lie But even if it was a lie What does that mean for the motion to suppress? How do you tie that into the motion to suppress you might be able to tie it into revocation of the of the parole But that's not what we're here for. We're here for a motion to suppress. How does that make it less voluntary the fact that he lied? or May have lied to the to the parole officer in the first instance The fact that he had no compulsion to tell the truth from the get-go your honor Shows that he was never concerned about his parole conditions never concerned about who he was speaking to Well, if he truthfully answered the parole officer's questions, that would be a violation of the terms of his parole. Would it not? Well officer says am I gonna find anything in the car? And he says yeah, the drugs are fixed to the undercarriage of the vehicle. I think that's accurate your honor. That's not what happened But I mean to a certain extent there is a penalty that The agreement attaches if he is truthful with his parole officer, he could very well face provocation well Let's talk about the penalty Because this is a different kind of a penalty too. This is not the normal penalty that we're talking about the only thing that can happen on failure to do what was agreed is that it may result in The submission of a report of violation to the sentencing or parole authority. That's it There's nothing there that you'll be grounds for arrest. Your parole will be revoked, your probation will be revoked, your Modifications will be done or that there even be a revocation. All we're gonna do is have a submission of report for violation That's not the norm That's correct. No your honor, and that's a correct statement There was no threat of loss of liberty Which was what was apparent in United States v. Seychelles And I think that's a distinction here that That merits some value and then again I want to go back to the conditions that were in the Parole agreement and when we take a look at condition number five and that condition states I consent to the search of my person, residence, vehicle, Personal property and other real property or structured owned or leased by me or for which I am in controlling authority Conducted by an agent of IDOC or a law enforcement officer. When we take a look at this condition Which is condition number five and condition number one Objectively there is a difference there between what a law enforcement officer and parole officer can do in Condition number five which puts those two together and allows them both to conduct that search as opposed to condition number one We're clearly distinguishes between what a parole officer is permitted to do or what the parolee is required to tell his parole officer versus what the law enforcement officer What he may give information or what he's required to give for information to a law enforcement officer So I think that distinction again comes into play here your honors I do want to finish finish with this your honors, and this is a direct quote from Murphy There is no evidence that Murphy confessed because he feared that his probation would be revoked if he remained silent Murphy was not expressly informed during the crucial meeting with his probation officer that an assertion of privilege would result in The imposition of a penalty and the fact that Murphy apparently felt no compunction about adamantly denying the false Imprisonment charge on which he had been convicted before admitting to the rape and murder strongly suggests that the threat of revocation Did not overwhelm his resistance And I think that's exactly our situation here the fact that he had no compulsion Or no concern about lying to his parole officer from the get-go showed that there was no threat in his mind And that did not overwhelm and that is reviewed because you're saying that's what judge windmill found below so we would be reviewing that for An abuse of discretion for clear error Factual findings are for clear And with that your honors the government asked the court to affirm the district's courts holding. Thank you. Thank you You Counselor before you go very far. I didn't get to he excused you before I asked the question But what does this do the fact that the agreement? Doesn't say the same things that is said in the normal agreement about a penalty situation It doesn't talk about failure to comply will be grounds for arrest Revocation all that all it says is in The submission of a report of violation to the sentencing or parole authority Why does that how does that help your argument seems to me that destroys that? This is really a penalty situation at all Well a couple of things and the district court did correctly find that this was a penalty situation Well, but I'm not sure that's a question of fact but but more importantly, I think we're met we're all missing the point and I think My co-counsel's argument misses the point that Seychelles read Subjectivity out of the case law Murphy does talk about the subjectivity of the petitioner Seychelles reads that out. This is a wholly objective test. And so we're talking about the reason Hold on help me out here Murphy's the Supreme Court case, right? How can the Ninth Circuit read out what the Supreme Court put in? Thank you, and I miss this before. Yeah I misspoke it left it up left the question open All right And and say shall that answered that question in the objective and and so I think we have to take it back to the reasonable person and I think a reasonable parolee would think that if they're having a report of submission a Violation submitted that the next step is then Violation. I just want to have a couple of quibbles on the fact. Is there any any case law that addresses this nuance? It's being raised where it's I mean because it does seem to me that Not wanting to be written up is probably still Could be on your mind of whether you want that as a penalty I would turn to the dissent in Murphy. I think that the dissent there talks a lot about very carefully at the dissent Murphy I don't think it helps you. Well, I think they talk a lot about the reasonable person there and what the Okay would understand so I just briefly It's not true to say that there was no parole officer in sight when Coronado is conduct conducting his questioning That's an ambiguous fact. We don't know whether Parole was observed by mr. Watson or not. We know they were on scene We know that they did avoid the car, but we don't know if they were seen or not Does it matter? I mean, do you really think that's where your case turns on is whether Watson had direct sight of a parole officer? I think it's a brick in the wall and then finally Again just to go back Whether he lied whether he felt compelled whether he didn't it's of no moment. It's an objective test Okay Thank you, thank you to both counsel for your arguments in the case and the case is now submitted
judges: TALLMAN, SMITH, NELSON